UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YENY SEVILA and ZADY SEVILA,

    Plaintiffs,

v.                                            CASE NO.: 8:12-cv-1518-T-23AEP

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**

    Yeny and Zady Sevila sued Liberty Mutual Fire Insurance Company in state court for an allegedly wrongful denial of a sinkhole claim. Although the complaint names only Liberty Mutual as a defendant, First Liberty Insurance Corporation removes, names only First Liberty in the notice of removal's caption, and says that the Sevilas named First Liberty as a defendant. First Liberty never acknowledges the switch. In any event, First Liberty attempts to invoke the diversity jurisdiction, 28 U.S.C. § 1332.

    Because the complaint demands no specific amount of damages, to avoid remand First Liberty must state facts showing that the amount in controversy more likely than not exceeds $75,000. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214-15 (11th Cir. 2007); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319-20 (11th Cir. 2001). For "facts," First Liberty quotes the complaint's demand:

> Plaintiffs seek the following damages: (a) complete guaranteed repair of the property in its entirety, including but not limited to, ground

> stabilization, building stabilization, foundation repair, and cosmetic repair, or if the property is not repairable[,] the full replacement cost for the property; (b) damages including court costs, attorneys' fees under §627.428, Florida Statutes, expert fees and costs and pre-judgment interest; and (c) additional policy benefits for loss of use, moving expenses, rental home during repair and stabilization, landscaping, debris removal, and any other benefit available under the policy.

Like the generic list of damages in a typical personal injury complaint ('the plaintiff suffered pain, disfigurement, loss of important bodily function, reduced ability to work' *etc.*), the Sevilas's generic list of damages provides no facts establishing an amount in controversy. See *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). First Liberty raises also the fact that the policy offers about $300,000 in coverage, but the amount in controversy depends on the underlying sinkhole claim rather than the policy limit. See *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002); *Park Place Condo. Ass'n of Tampa, Inc. v. State Farm Fire & Cas. Co.*, 2011 WL 2470105, *2 (M.D. Fla. 2011) (Lazzara, J.) (collecting authority).

This action is **REMANDED** under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The clerk is directed to (1) mail a certified copy of this order to the clerk of the Circuit Court for Hillsborough County, Florida, and (2) close the case.

ORDERED in Tampa, Florida, on August 22, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE